UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| HILDA L. SOLIS,<br>Secretary of Labor,<br>United States Department of Labor,<br>Mine Safety and Health Administration,<br><br>Plaintiff,<br><br>v.<br><br>NORTH 321 STONE COMPANY, INC.<br><br>Defendant. | Civil Action No. 5:11-CV-92 |

## COMPLAINT

Plaintiff, HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, Mine Safety and Health Administration, brings this action against Defendant NORTH 321 STONE COMPANY, INC., to collect civil penalties and other amounts owed to the United States under the Mine Safety and Health Act of 1977, as amended, 30 U.S.C. § 801 et seq. ("Mine Act"), and the Federal Debt Collection Procedures Act, 28 U.S.C. §3001, et seq., as applicable.

### A. JURISDICTION

Jurisdiction of this action is conferred upon this Court by Sections 108(a)(1) and 110(j) of the Mine Act, 30 U.S.C. §§818(a)(1) and 820(j).

### B. VENUE

Since the subject matter of this action occurred in Caldwell County, North Carolina, venue of this action lies in the United States District Court for the Western District of North Carolina,

Statesville Division, pursuant to Sections 108(a)(1) and 110(j) of the Mine Act, 30 U.S.C. §§818(a)(1) and 820(j).

### C. NORTH 321 STONE COMPANY, INC. IS AN OPERATOR OF A COAL OR OTHER MINE

1. At all relevant times, Defendant NORTH 321 STONE COMPANY, INC., was a company engaged in the business of mining crushed, broken granite in Caldwell County, North Carolina, within the jurisdiction of this Court.

2. At all relevant times, Defendant NORTH 321 STONE COMPANY, INC., operated a surface mine designated as North 321 Stone Company, Inc.

3. At all relevant times, Defendant NORTH 321 STONE COMPANY, INC., was an "operator" of a "coal or other mine" within the meaning of Sections 3(d) and 3(h) of the Mine Act, 30 U.S.C. §§802(d) and 802(h).

4. At all relevant times, Defendant NORTH 321 STONE COMPANY, INC.'s mining operations entered commerce, or the operations or products of which affected commerce, within the meaning of Section 4 of the Mine Act, 30 U.S.C. §803.

### D. CIVIL PENALTIES OWED TO THE UNITED STATES

5. Between August 9, 2005, and February 8, 2011, the Mine Safety and Health Administration ("MSHA") issued at least one hundred three (103) citations to Defendant NORTH 321 STONE COMPANY, INC., for violations of the Mine Act at the North 321 Stone Company, Inc., mine. MSHA assessed civil penalties for each violation pursuant to the Mine Act.

6. With respect to the one hundred three (103) citations referred to in Paragraph (5), above, MSHA assessed civil penalties totaling $175,273.00, which citations and civil penalties were

not contested. Thus, the citations and civil penalties became final orders within the meaning of Section 105(a) of the Mine Act, 30 U.S.C. §815(a).

7. On or about April 15, 2009, a first demand letter was mailed to Defendant NORTH 321 STONE COMPANY, INC., informing Defendant NORTH 321 STONE COMPANY, INC., of unpaid civil penalties and likely legal action that may be taken by the Secretary of Labor if payment is not received.

8. On or about July 28, 2009, a second demand letter was mailed to Defendant NORTH 321 STONE COMPANY, INC., informing Defendant NORTH 321 STONE COMPANY, INC., of additional citations and civil penalties that had become final orders since the first demand letter was mailed on or about April 15, 2009. The second demand letter detailed attempts to contact Defendant NORTH 321 STONE COMPANY, INC., via telephone and noted the lack of response to the telephone calls or the first demand letter. The second demand letter also stated the Secretary of Labor's intent to file an action in the Untied States District Court to compel payment of the unpaid civil penalties.

9. On or about August 11, 2009, a letter was personally served on John Kamstra, Superintendent, at an address of record for Defendant NORTH 321 STONE COMPANY, INC., asking Defendant NORTH 321 STONE COMPANY, INC., to contact the Office of the Solicitor. Attached to this letter were copies of the demand letters dated April 15, 2009, and July 28, 2009.

10. The principal amount described in Paragraph (6), above, totaling $175,273.00, is due and owing to the United States but has not been paid.

E.  LIABILITY

11.     As an operator of the coal or other mine for which the citations and penalties described in Section (D), above, were issued, Defendant NORTH 321 STONE COMPANY, INC., is liable for the unpaid civil penalties pursuant to Section 110(j) of the Mine Act, 30 U.S.C. §820(j).

F.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

12.     A Judgment against Defendant NORTH 321 STONE COMPANY, INC., for the principal amount of unpaid civil penalties ($175,273.00) and administrative costs ($140.00) owed to the United States for Mine Act violations, in an amount not less than $175,413.00;

13.     A Judgment against Defendant NORTH 321 STONE COMPANY, INC., for interest on the principal amount of the unpaid civil penalties, at the rate of 8% per annum as authorized by Section 110(j) of the Mine Act, 30 U.S.C. §820(j), in an amount not less than $4,033.41 as of June 14, 2011, plus interest accruing after June 14, 2011.

14.     A Judgment against Defendant NORTH 321 STONE COMPANY, INC., for the 10% surcharge authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. §3011(a), in an amount not less than $17,527.30.

15.     A Judgment against Defendant NORTH 321 STONE COMPANY, INC., enjoining Defendant NORTH 321 STONE COMPANY, INC., from violating or failing or refusing to comply with any final orders issued under the Mine Act by failing to pay already delinquent civil money penalties for violations of the Mine Act and its standards.

16.     A Judgment against Defendant NORTH 321 STONE COMPANY, INC., enjoining Defendant NORTH 321 STONE COMPANY, INC., from violating or failing or refusing to comply

with any final orders issued under the Mine Act by failing to pay future civil money penalties properly assessed and adjudicated for Mine Act violations.

17. A Judgment against Defendant NORTH 321 STONE COMPANY, INC., requiring Defendant NORTH 321 STONE COMPANY, INC., to post an appropriate bond with MSHA to guarantee future compliance with the Mine Act, including the payment of final orders issued under the Mine Act.

18. A Judgment for all other appropriate relief.

Respectfully submitted,

M. PATRICIA SMITH
Solicitor Labor

HEIDI STRASSLER
Associate Solicitor for Mine Safety and Health

KEITH E. BELL
Co-Counsel for Trial Litigation

**s/ Joshua P. Falk**

JOSHUA P. FALK
Trial Attorney
D.C. Bar No. 976713
U. S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
Division of Mine Safety & Health
1100 Wilson Boulevard, 22nd Floor
Arlington, Virginia 22209-2296
Telephone: 202-693-9351
Fax: 202-693-9361

**ANNE M. TOMPKINS**
United States Attorney

**/s Paul B. Taylor**
PAUL B. TAYLOR
Assistant United States Attorney
Chief, Civil Division
N.C. Bar Number 10067
Room 233, U.S. Courthouse
100 Otis Street
Asheville, NC 28801-2611
Tel. No. (828) 271-4661
paul.taylor@usdoj.gov